**Petition of HEINS.**

**No. 258314.**

District Court, E. D. New York.

May 21, 1940.

Joseph E. Keenan, of Brooklyn, N. Y., for petitioner.

Charles P. Muller, Asst. Dist. Director, Immigration and Naturalization Service, of New York City, opposed.

BYERS, District Judge.

This petitioner, a native of Melbourne, Australia, has resided in this country since 1918, and is a Chief Engineer in the employ of United Fruit Company; he married a native born citizen in 1933 and since then has lived in this city. Since 1934 he has been attached to the steamship Musa of the United Fruit Company, as to which legal title is vested in Balboa Shipping Company, a Panamanian corporation every share of stock of which is owned by United Fruit Corporation; all of the officers and directors of the former corporation are citizens of the United States, and they are officers, directors and stockholders of said United Fruit Corporation. In view of her titular ownership, the Musa flies the flag of the Republic of Panama and is registered as a vessel of that country.

Objection to the granting of the petition is based upon Title 8 U.S.C. § 384, 8 U.S. C.A. § 384, reading as follows:

"§ 384. Aliens serving on vessels of foreign registry. Service by aliens upon vessels other than of American registry, whether continuous or broken, shall not be considered as residence for naturalization purposes within the jurisdiction of the United States, and such aliens can not secure residence for naturalization purposes during service upon vessels of foreign registry; except that this section shall not apply in the case of service on American-owned vessels by an alien who has been lawfully admitted to the United States for permanent residence."

This alien has been lawfully admitted for permanent residence, and the question is, whether the Musa is an American-owned vessel within the exception above quoted.

It is obvious that the exception, which was added by Chapter 203 of the Laws of 1932, 47 Stat. 165, would have been completely unnecessary with reference to any but American-owned vessels of foreign registry. Therefore to give effect to the intention of Congress, it is necessary to conclude that foreign registry, however contrived, was not to constitute a barrier to naturalization, provided that ownership of the vessel be in fact American; that is, in an individual or corporate national of the United States of America.

The language is appropriate to accomplish that purpose; it is not restricted by reference to bare legal title, but embraces the broader concept of ownership.

Such indeed is the showing made for this applicant. Ownership of the Musa pertains to United Fruit Corporation, through an instrumentality probably created to effectuate registration in Panama. While there is no proof on the subject, it is a fair inference that Balboa Shipping Company, Inc., was created as a convenient corporate receptacle for the ownership on the part of United Fruit Company the nationality of which meets the statutory requirement.

142

The applicable statute invites such a construction, in view of the provisions of the Shipping Act, Title 46 U.S.C. § 672a, 46 U.S.C.A. § 672a:

"(a) *Officers and pilots.* From and after June 25, 1936 all licensed officers and pilots of vessels of the United States shall be citizens of the United States, native-born, or completely naturalized."

It would indeed be incongruous to say to this petitioner that he must cease to be an officer on the Musa and become something else for the required period, or else forfeit the chance to become, through naturalization, an officer of a vessel of the United States.

In the belief that the statute first above quoted embraces this petitioner within the terms of the exception, in that his service for the required time has been on "an American-owned vessel", namely, the Musa, which is in fact owned by the United Fruit Company, his petition will be granted and an order to that effect will be signed, and an exception is granted to the U. S. Department of Labor.